UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES KENNETH HARRELL                                            PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:11-CV-P22-R

ADVANCE MEDICAL *et al.*                                      DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Charles Keith Harrell, acting without the assistance of counsel, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, Plaintiff's claims will be dismissed.

**I. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view

the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTS

Plaintiff has filed this action against Advance Medical and Fulton County. Plaintiff alleges that on January 16, 2011, he was attacked by another inmate. He states that the other inmate repeatedly struck him in the head with a two-pound object causing him to suffer multiple seizures and other injuries. He claims that the Fulton County Detention Center and Advance

Medical "disregarded protocol and safety and acted in a culpable state of mind that put me in serious harm" in violation of the Eighth Amendment. He also alleges that Defendants have not provided him with "up date treatment with a brain specialist" even though Parkway Hospital, where Plaintiff was taken for treatment after the attack, recommended such treatment. Again, Plaintiff claims this violates his Eighth Amendment rights.

## III. ANALYSIS

Plaintiff brought suit under 42 U.S.C. § 1983. Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To state a valid § 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Id.*

### A.   Advance Medical

Under 42 U.S.C. § 1983, respondeat superior is not a proper basis for liability even when the claim is pursued against a corporation acting on behalf of a municipality. *See, e.g., Ward v. Kentucky State Reformatory*, No. 3:09CV-P315-H, 2009 U.S. Dist. LEXIS 64976 (W.D. Ky. July 24, 2009). To recover against a corporation working under contract for a prison or jail for § 1983 violations, the Plaintiff must identify an official policy or custom of the corporation that caused the alleged deprivation of federal rights. *Broyles v. Corr. Med. Servs.*, No. 08-16382009, 2009 U.S. App. LEXIS 5494, at *4-5 (6th Cir. Jan. 23, 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003); *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004).

Not all state action rises to the level of a custom or policy. A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). "Bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief." *Broyles*, 2009 U.S. App. LEXIS 5494, at *2.

Plaintiff points to no formal policy implemented by Advance Medical that led to either the attack or the deficient medical care he claims to have received thereafter. Likewise, he has not alleged a clear and consistent pattern of constitutionally deficient conduct on Advance Medical's part or that it had knowledge of and failed to act in light of such conduct.

**B.     Fulton County**

Under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom. A county is considered a municipal entity for the purposes of § 1983. *L.A. County v. Humphries*, - - U.S.- -, 131 S. Ct. 447, 178 L. Ed. 2d 460 (2010).

Thus, to state a viable claim against Fulton County, Plaintiff would have had to allege a policy and custom of Fulton County that caused or contributed to the constitutional violations that he complains about in this action. The mere fact that Fulton County might employ persons that Plaintiff maintains are the ones responsible for the alleged violation is not sufficient to state a viable claim. *See McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed in its entirety by separate Order. Plaintiff remains free to file suit against the individuals he claims were responsible for the violations described in his complaint. The Clerk of Court is **DIRECTED** to mail Plaintiff a blank 42 U.S.C. § 1983 form should he elect to do so.

Date:

cc: Plaintiff, *pro se*

4413.008